**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                Plaintiff,                         Case No. 13-cv-12520

            v.                                Hon. Nancy G. Edmunds

MAYFIELDGENTRY REALTY
ADVISORS, LLC, et al.,

                Defendants.

_____/

**FINAL JUDGMENT AS TO DEFENDANTS CHAUNCEY C. MAYFIELD AND**
**MAYFIELDGENTRY REALTY ADVISORS, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants

Chauncey C. Mayfield ("Mayfield") and MayfieldGentry Realty Advisors, LLC ("MGRA")

(together, "Defendants") having entered general appearances; consented to the Court's

jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of

the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]

while acting as investment advisers, by use of the mails or means or instrumentalities of

interstate commerce, directly or indirectly:

> (a)     to employ any device, scheme, or artifice to defraud their clients or prospective
>
> clients; or
>
> (b)     to engage in any transaction, practice, or course of business which operates or
>
> would operate as a fraud or deceit upon their clients or prospective clients.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Mayfield is liable, on a joint and several basis, for disgorgement of $3,076,365.88, representing

profits gained as a result of the conduct alleged in the Complaint, together with prejudgment

interest thereon in the amount of $701,897.82, for a total of $3,778,263.70.  Based on Defendant

Mayfield's sworn representations in his Statement of Financial Condition dated January 13,

2013, Defendant MGRA's sworn representations in its Statement of Financial Condition dated

February 14, 2013, and other documents and information submitted to the Commission,

however, the Court is not ordering Defendants to pay a civil penalty, and payment of

$701,897.82 of pre-judgment interest is waived.  Defendants shall satisfy this obligation by

paying, on a joint and several basis, $3,076,365.88 to the Police and Fire Retirement System of

the City of Detroit (the "PFRS").  Defendants, however, may satisfy this obligation to pay

$3,076,365.88 in disgorgement through offsets, on a dollar for dollar basis, for amounts:

> (a) Defendants pay to the PFRS, including monies previously paid following the sale of
>
> the subject property;
>
> (b) PFRS receives through payments made on behalf of Defendants;

(c) PFRS pays or is ordered to pay to Defendant MGRA pursuant to Defendant MGRA's

counterclaim in the civil matter <u>Police and Fire Retirement System of the City of Detroit</u>

<u>v. MayfieldGentry Realty Advisors, LLC et al.</u>, Case No. 12-6994-CZ, in the Circuit

Court for the County of Wayne of the State of Michigan; and/or

(d) PFRS agrees to pay Defendant MGRA to settle Defendant MGRA's counterclaim in

the civil matter <u>Police and Fire Retirement System of the City of Detroit v.</u>

<u>MayfieldGentry Realty Advisors, LLC et al.</u>, Case No. 12-6994-CZ, in the Circuit Court

for the County of Wayne of the State of Michigan.

Upon making payment to the PFRS, Defendants Mayfield and MGRA shall include a cover letter

identifying Chauncey Mayfield and/or MayfieldGentry Realty Advisors, LLC as defendants in

this action; setting forth the title and civil action number of this action and the name of this

Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants

Mayfield and MGRA shall simultaneously transmit photocopies of evidence of payment and a

cover letter to Commission's counsel in this action, and to the Clerk of this Court.  Upon

learning of receipt of such payment by PFRS, Defendants shall transmit evidence of PFRS's

receipt of payment, *e.g.*, a copy of the cashed check or copy of the wire transfer detail, to

Commission's counsel in this action, and to the Clerk of this Court.  By making this payment,

Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of

the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement by moving for civil

contempt (and/or through other collection procedures authorized by law) at any time after 14

days following entry of this Final Judgment.  Defendants shall pay post-judgment interest on any

delinquent amounts pursuant to 28 U.S.C. § 1961.

3

The determination not to impose a civil penalty and to waive payment of $701,897.82 of pre-judgment interest is contingent upon the accuracy and completeness of Defendants' Statements of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendants' representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendants was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery. Defendants may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendants shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

4

III.

Defendants shall pay the total of disgorgement due of $3,076,365.88 in two installments

to the PFRS according to the following schedule:  (1) $434,784.64, within 10 days of entry of

this Final Judgment; (2) $2,641,581.24, less any offsets for amounts paid to the PFRS pursuant

to Section II(a)-II(d) above, within 18 months of entry of this Final Judgment.  Payments shall be

deemed made on the date they are received by the PFRS.  Prior to making the final payment set

forth herein, Defendants shall contact the staff of the Commission for the amount due for the

final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed

according to the schedule set forth above, all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable

immediately at the discretion of the staff of the Commission without further application to the

Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 26, 2013

5

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 26, 2013, by electronic and/or ordinary mail.

<div style="margin-left: 30%;">

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer

</div>