**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION

                      Plaintiff,                   Case No. 13-cv-12520-NGE-MAR

            v.                          Hon. Nancy G. Edmunds

MAYFIELDGENTRY REALTY
ADVISORS, LLC, et al.

                      Defendants.
_____/

**FINAL JUDGMENT AS TO DEFENDANT ALICIA M. DIAZ**

The Securities and Exchange Commission having filed a Complaint and Defendant Alicia

M. Diaz ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of

the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]

while acting as investment advisers, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud their clients or prospective clients; or

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon their clients or prospective clients.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $40,000 to the Securities and Exchange Commission pursuant to Section 209(e) of the Advisers Act.  Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Alicia M. Diaz as a defendant in this action; and specifying that payment is made

2

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

III.

Defendant shall pay the total penalty due of $40,000 in 7 installments to the Commission according to the following schedule:

(1) $2,000, within 14 days of entry of this Final Judgment;

(2) $6,333, within 6 months of entry of this Final Judgment;

(3) $6,333, within 12 months of entry of this Final Judgment;

(4) $6,333, within 18 months of entry of this Final Judgment;

(5) $6,333, within 24 months of entry of this Final Judgment;

(6) $6,334, within 30 months of entry of this Final Judgment; and

(7) $6,334, within 36 months of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the installment payment due date.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

3

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Defendant may move the Court to extend the due date for an installment payment (and delay subsequent installment payments) by no more than six months. Such a motion may be granted only upon Defendant's showing of inability to pay any portion of that required payment. Such a motion must (a) establish the Defendant's inability to pay through a sworn financial disclosure and supporting documents and (b) be filed at least 30 days before the payment is due. In the event such a motion is filed, the SEC shall have the right to subpoena the Defendant and third parties for discovery – with an expedited return date – limited to the subject of Defendant's financial condition. The SEC reserves the right to oppose any motion for an extension of a payment due date.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:  June 23, 2016                          s/ Nancy G. Edmunds
                                               UNITED STATES DISTRICT JUDGE